### UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF MISSOURI
### SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| MARCUS DEANER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:21-CV-40-SNLJ |
| | ) | |
| BUTLER COUNTY JUSTICE CENTER, | ) | |
| et al., | ) | |
| | ) | |
| Defendants. | ) | |

### MEMORANDUM AND ORDER

This matter is before the Court on the application of self-represented plaintiff Marcus Deaner, formerly incarcerated at the Butler County Justice Center, to proceed in the district court without prepaying fees or costs. Having reviewed the motion and the financial information submitted in support, the Court will grant the motion, and assess an initial partial filing fee of $1.00 Additionally, for the reasons discussed below, the Court will dismiss the complaint without prejudice, and will deny as moot plaintiff's motion to appoint counsel.

### Initial Partial Filing Fee

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action *in forma pauperis* is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to his account. 28 U.S.C. § 1915(b)(2). The

agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the account exceeds $10.00, until the filing fee is fully paid. *Id.*

Plaintiff did not submit a certified copy of his inmate account statement for the six months preceding the filing of his complaint, but based upon the information the Court has in the record, the Court will assess an initial partial filing fee of $1.00.[1] This amount is reasonable based upon the information before the Court. *See Henderson v. Norris*, 129 F.3d 481, 484 (8th Cir. 1997) (when a prisoner is unable to provide the Court with a certified copy of his prison account statement, the Court should assess an amount "that is reasonable, based on whatever information the court has about the prisoner's finances.").

### Legal Standard on Initial Review

This Court is required to review complaint filed *in forma pauperis*, and must dismiss it if it is frivolous, malicious, or fails to state a claim upon which relief may be granted.  28 U.S.C. § 1915(e)(2).  An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989).  An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

A claim is facially plausible when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Although a plaintiff need not allege facts in painstaking detail, the facts alleged "must be enough to raise a right to relief above the speculative level." *Twombly,* 550 U.S. at 555.  This standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal,* 556 U.S. at 678.  Determining whether a complaint states a

---

[1] Plaintiff submitted a ledger of his deposits and expenses at the Butler County Jail from January 23, 2021 to February 19, 2021. *See* ECF No. 4.

plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id.* at 679. The court must assume the veracity of well-pleaded facts, but need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly,* 550 U.S. at 555).

This Court must liberally construe complaints filed by laypeople. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). This means that "if the essence of an allegation is discernible," the court should "construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). However, even *pro se* complaints must allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). Federal courts are not required to assume facts that are not alleged, *Stone*, 364 F.3d at 914-15, nor are they required to interpret procedural rules so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States,* 508 U.S. 106, 113 (1993).

### The Complaint

Plaintiff brings this prisoner civil rights action under 42 U.S.C. § 1983 against defendants the Butler County Justice Center and its Correctional Officers ("CO") Derrick Taylor and Jeff Moore. Plaintiff states that he was arrested on December 15, 2021 for failure to register his motor vehicle.[2] While waiting to be booked at the Butler County Justice Center, plaintiff states he was

---

[2]     The Court will assume that plaintiff misstated the year of his arrest and that he was arrested on December 15, 2020. Based on the Court's review of the Missouri state court docketing system, Missouri Case.net, plaintiff failed to appear for a hearing on December 14, 2020 on his charge of failure to register a motor vehicle on August 14, 2020. *See State v. Deaner*, No. 703336180 (Butler Cty. Aug. 14, 2020). The Court placed a hold on his license.

Plaintiff has also been charged with delivery of a controlled substance except 35 grams or less of marijuana or synthetic cannabinoid arising out of an arrest on August 14, 2020, which is the same date listed for the charge of failure to register a motor vehicle. His trial on that charge is

handcuffed to a pole in the booking area.  When he was finally able to use the telephone, he was unable to locate an individual to pay his bond.  He asked to be placed in protective custody, but defendant Taylor told him there was no protective custody at the Butler County Justice Center. Plaintiff stated that he had enemies and gave Taylor the street names of plaintiff's enemies.  Taylor responded that the street names were not enough to identify the individuals.  Taylor told plaintiff that because there was no protective custody he could be placed in a pod or cuffed to a restraint chair while he awaited bond.

Plaintiff alleges he was placed in a restraint chair in a small room.  His handcuffs were so tight, he alleges he screamed and begged for medical attention.  He states he was refused medical attention, water, and was only able to use the bathroom once while being restrained.  It is unclear how long plaintiff remained in the restraint chair, but at some point still on December 15 he opted to be placed in a cell.  He states he was placed in a four-man cell with three men already occupying the cell.  He states that he had increasing fear and anxiety while in the cell and that he did not feel safe.  He states he moved his mat downstairs in front of the security cameras and attempted to sleep there.  Defendant Moore announced over the loud speaker that plaintiff needed to return to his assigned cell or he would be placed back in the restraint chair.  Plaintiff refused to return to his cell.  Plaintiff states that because he refused to return to his cell, he was walked out of the pod by

---

scheduled for August 24, 2021.  *See State v. Deaner*, No. 21BT-CR00032-01 (Butler Cty., Aug. 14, 2020).

Plaintiff also has been charged with two counts of felony tampering with electronic monitoring equipment, arising out of incidents on December 16, 2020 and January 18, 2021.  *See State v. Deaner*, No. 2131-CR01010-01 (Greene Cty.).  A pretrial conference has been scheduled for November 10, 2021.

-4-

defendants Taylor and Moore, who "violently grabbed his arms." Plaintiff was placed back into the restraint chair until his release the next morning, December 16, 2020.[3]

For relief, plaintiff seeks $150,000 in damages for his alleged Eighth Amendment violations, wrongful imprisonment, emotional distress, and pain and suffering.

## Discussion

Plaintiff's complaint is subject to dismissal on initial review pursuant to 28 U.S.C. § 1915(e)(2). First, plaintiff does not indicate whether he is suing defendants Taylor and Moore in their individual capacities, official capacities, or both. *See Baker v. Chisom*, 501 F.3d 920, 923 (8th Cir. 2007). If a plaintiff's complaint is silent about the capacity in which the defendant is being sued, the complaint is interpreted as including only official capacity claims. *Id.*; *see also Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999) ("[I]n order to sue a public official in his or her individual capacity, a plaintiff must expressly and unambiguously state so in the pleadings, otherwise, it will be assumed that the defendant is sued only in his or her official capacity"). In an official capacity claim against an individual, the claim is actually "against the governmental entity itself." *See White v. Jackson*, 865 F.3d 1064, 1075 (8th Cir. 2017). Thus, a "suit against a public employee in his or her official capacity is merely a suit against the public employer." *Johnson*, 172 F.3d at 535; *see also Brewington v. Keener*, 902 F.3d 796, 800 (8th Cir. 2018) (explaining that official capacity suit against sheriff and his deputy "must be treated as a suit against the County"). In order to prevail on an official capacity claim, the plaintiff must

---

[3]     Plaintiff also complains that his mail takes two weeks to be delivered from the jail. "I'm pretty sure that my mail is being tampered with as well." Because these allegations do not rise above the speculative level, the Court will dismiss these allegations. *See Twombly,* 550 U.S. at 555. Additionally, plaintiff does not allege any defendant is responsible for this alleged tampering, nor does he allege any damages arising therefrom. For all of these reasons, the Court will dismiss these allegations on initial review under 28 U.S.C. § 1915(e)(2)(B).

-5-

establish the governmental entity's liability for the alleged conduct. *Kelly v. City of Omaha, Neb.*, 813 F.3d 1070, 1075 (8th Cir. 2016). Plaintiff has not established any governmental liability for the alleged conduct, and therefore his official capacity allegations against defendants Taylor and Moore must be dismissed.

Similarly, plaintiff's claims against the Butler County Justice Center must be dismissed. The Butler County Justice Center is a county jail, and "county jails are not legal entities amenable to suit." *Owens v. Scott Cty. Jail*, 328 F.3d 1026, 1027 (8th Cir. 2003); *see also Ketchum v. City of West Memphis, Ark.*, 974 F.2d 81, 82 (8th Cir. 1992) (stating that "departments or subdivisions" of local government are not "juridical entities suable as such"); *De La Garza v. Kandiyohi Cty. Jail*, 18 Fed. App'x 436, 437 (8th Cir. 2001) (affirming district court dismissal of county jail and sheriff's department as parties because they are not suable entities). For these reasons, plaintiff's complaint is subject to dismissal under 28 U.S.C. § 1915(e)(2) for failure to state a claim upon which relief may be granted.

Moreover, after carefully reading and liberally construing the complaint, the Court finds that any amendment to plaintiff's complaint to allege individual capacity claims against defendants Taylor and Moore would be futile. The Due Process Clause protects pretrial detainees from the use of excessive force amounting to punishment. *Kingsley v. Hendrickson*, 135 S. Ct. 2466, 2473 (2015); *see also Bell v. Wolfish*, 441 U.S. 520, 535 (1979) (stating that "under the Due Process Clause, a detainee may not be punished prior to an adjudication of guilt in accordance with due process of law"); *Smith v. Conway Cty., Ark.*, 759 F.3d 853, 858 (8th Cir. 2014) (stating that "the Due Process Clause prohibits any punishment of a pretrial detainee, be that punishment cruel-and-unusual or not"). Analysis of excessive force claims under the Due Process Clause focuses on whether the defendant's purpose in using force was "to injure, punish, or discipline the detainee."

-6-

*Edwards v. Byrd*, 750 F.3d 728, 732 (8th Cir. 2014). The Fourteenth Amendment gives state pretrial detainees "rights which are at least as great as the Eighth Amendment protections available to a convicted prisoner." *Walton v. Dawson*, 752 F.3d 1109, 1117 (8th Cir. 2014).

Liberally construed, plaintiff was arrested for a traffic violation and was held at the Butler County Justice Center from December 15 through the morning of December 16, 2020. Because the Butler County Justice Center did not have protective custody available, after plaintiff was booked he was given the choice of sleeping in a four-man cell or being cuffed to a chair. Initially plaintiff chose to be cuffed to a chair, but alleges his handcuffs were so tight that the chair became unbearable. This alone does not state a claim of excessive force. "Handcuffing inevitably involves some use of force, and it almost inevitably will result in some irritation, minor injury, or discomfort where the handcuffs are applied. To prove that the force applied was excessive in that context, therefore, a plaintiff must demonstrate something more." *Chambers v. Pennycook*, 641 F.3d 898, 907 (8th Cir. 2011) (citations omitted). After continued pleas for medical attention because of the tight handcuffs, plaintiff agreed to be placed in a four-man cell. Plaintiff does not allege that he had any enemies in the four-man cell nor does he allege he was in any danger in the four-man cell. Nonetheless he began to feel anxious and fearful. He attempted to move his mat out into the pod to sleep in front of the security cameras. Defendants would not allow plaintiff to sleep on his mat in front of the cameras, and ordered him back to his cell. When he refused to go back to his cell, defendants grabbed him by his arms and escorted him back into the chair. He stayed cuffed to the chair until his release on the morning of December 16, 2020.

Based on a liberal reading of plaintiff's complaint, and assuming the veracity of plaintiff's well-pleaded facts, the Court cannot find that plaintiff could amend his complaint to state a plausible claims for excessive force against defendants based on his detention from December 15

-7-

to 16, 2020. He has not stated enough facts to plausibly allege defendants' conduct was intentionally punitive, arbitrary, or excessive. *See Stearns v. Inmate Services Corp.*, 957 F.3d 902, 907 (8th Cir. 2020); *Smith v. Copeland*, 87 F.3d 265, 268 (8th Cir. 1996) ("[N]ot every disability imposed during pretrial detention amounts to punishment in the constitutional sense."). For these reasons, the Court finds it would be futile to allow plaintiff to amend his complaint and will dismiss this action at this time, without prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion seeking leave to commence this action without prepaying fees or costs is **GRANTED**. [ECF No. 3]

**IT IS FURTHER ORDERED** that, within thirty (30) days of the date of this order, plaintiff must pay an initial filing fee of $1.00. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) this case number; and (4) the statement that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that this case is **DISMISSED** without prejudice. A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that plaintiff's Motion to Appoint Counsel is **DENIED** as moot. [ECF No. 2]

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

Dated this _20th_ day of August, 2021.

STEPHEN N. LIMBAUGH, JR.
SENIOR UNITED STATES DISTRICT JUDGE